**Robert BAKER, Plaintiff,**

v.

**BRONX–WESTCHESTER INVESTIGATIONS, INC., a/k/a Westchester Investigations, Joseph De Ettore and Richard Nagle, Defendants.**

No. 92 Civ. 3556 (WCC).

United States District Court, S.D. New York.

April 22, 1994.

Michael G. Flanagan, New York City, for plaintiff.

Law Offices of Richard M. Horowitz, Mount Vernon, NY, for defendants; Richard M. Horowitz, Adam S. Cohen, of counsel.

### OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Robert Baker filed the instant Complaint against Bronx–Westchester Investigations, Inc. ("Bronx–Westchester"), a private investigative agency; Joseph De Ettore

("De Ettore"), an officer and shareholder of Bronx–Westchester; and Richard Nagle ("Nagle"), also an officer and shareholder of Bronx–Westchester, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, and N.Y.Gen.Bus.L. §§ 349, 380 *et seq.* The case is currently before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). We are treating this motion as one for summary judgment pursuant to Fed.R.Civ.P. 56.[1] For reasons discussed below, we grant summary judgment in favor of defendants.

## BACKGROUND

The undisputed facts are as follows. Defendant Bronx–Westchester is a private investigation firm formed as a New York corporation, and defendants De Ettore and Nagle are private investigators at Bronx–Westchester. Barbara Baker is the former wife of plaintiff. In mid-December, 1991, Ms. Baker requested Defendant De Ettore to assist her in locating plaintiff in order to collect child support payments. Ms. Baker gave De Ettore a copy of an order dated June 6, 1990, whereby the Family Court of the State of New York had ordered plaintiff to pay Ms. Baker $39,987.00 in child support arrears. Plaintiff had not made any child support payments as of December 1991.

De Ettore agreed to assist Ms. Baker in locating plaintiff on a pro bono basis. As part of his investigation, De Ettore, through Bronx–Westchester, submitted plaintiff's name to U.S. Datalink Employment Service ("Datalink") to obtain a consumer report. A report regarding plaintiff was thereafter issued, and on January 6, 1992, plaintiff was notified that Datalink had made an inquiry on his credit file. After plaintiff contacted Datalink to inquire as to the nature and purpose of this search, Datalink stated in a letter that it had issued the report to Bronx–Westchester pursuant to Bronx–Westchester's indication that it "had a release to run this credit report."

Plaintiff commenced the instant action alleging that defendants violated the provisions of the Fair Credit Reporting Act because (1) defendants did not have a permissible purpose to obtain a credit report in violation of 15 U.S.C. § 1681(b) and N.Y.Gen.Bus. § 380–b; (2) defendants obtained the credit report under false pretenses in violation of 15 U.S.C. § 1681(q) and N.Y.Gen.Bus. § 380–*o* ; and (3) in violating the above statutory provisions, defendants engaged in deceptive acts and practices in violation of N.Y.Gen.Bus. § 349.

## DISCUSSION

Summary judgment is to be granted when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In the instant case there is no dispute as to any of the material facts. Rather, there are two legal questions presented for the Court: first, whether a detective agency has a "permissible purpose" under 15 U.S.C. § 1681b to obtain a consumer report on behalf of a judgment creditor in order to facilitate the collection of child support arrears. Second, whether defendants obtained the credit report under "false pretenses" in violation of 15 U.S.C. § 1681q by indicating to Datalink that they had plaintiff's authorization to obtain the report.[2]

### 1. *Permissible Purpose*

Under the Fair Credit Reporting Act and the companion provisions of the New York

1. Under Fed.R.Civ.P. 12(b), the Court may treat a motion to dismiss as one for summary judgment as long as all parties are given a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." In the instant case, all discovery was completed before defendants filed their motion to dismiss, and we gave the parties an additional four weeks to submit materials relevant for summary judgment under Rule 56.

2. It is undisputed that Datalink's letter to plaintiff stated that it issued a consumer report because Bronx–Westchester "indicated they had a release to run this credit report." Plaintiff interprets this statement to mean that defendants led Datalink to believe that *plaintiff* authorized issuance of the report. We grant all inferences in favor of the non-moving party. As will become evident, this fact is not material because, assuming plaintiff's contention to be true, the legal outcome is the same.

General Business Law, consumer reporting agencies and users of information are liable for willful or negligent noncompliance with the statutory provisions. 15 U.S.C. §§ 1681n, 1681o; N.Y.Gen.Bus. §§ 380–1 and 380–m.

■ A consumer reporting agency[3] can issue a report only for one of the purposes enumerated in § 1681b ("Permissible purposes of consumer reports"). Plaintiff argues that the collection of child support payments is not listed as a permissible purpose and thus defendants, in obtaining the report for this purpose, violated § 1681b. Plaintiff's interpretation of the statute is mistaken.

§ 1681b reads in pertinent part:

A consumer reporting agency may furnish a consumer report under the following circumstances and no other ... (3) To a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of, the consumer.* (emphasis added).[4]

■ On June 5, 1990, Ms. Baker became a judgment creditor when the Family Court of the State of New York ordered plaintiff to pay Ms. Baker $39,987.00 in child support arrears. Hence she had a "permissible purpose" to obtain a credit report on plaintiff because the collection of her judgment, i.e., arrears in child support, constitutes a "collection of an account" under § 1681b(3)(A). This is confirmed by the Federal Trade Commission's (FTC) interpretation of § 1681b:

A judgment creditor has a permissible purpose to receive a consumer report on the judgment debtor for use in connection with collection of the judgment debt, because it is in the same position as any creditor attempting to collect a debt from a consumer who is the subject of a consumer report.

16 C.F.R. Pt. 600, App. at 358 (1993).

Bronx–Westchester, a private investigative agency, and De Ettore and Nagle, two private detectives, all working on behalf of Ms. Baker, also had a "permissible purpose" to obtain the report. Turning again to the FTC for guidance, "a detective agency or private investigator, attempting to collect a debt owed by a consumer, would have a permissible purpose to obtain a consumer report on that individual for use in collecting that debt." 16 C.F.R. Pt. 600, App. at 358 (1993).[5]

Plaintiff argues that contrary to the apparent plain meaning of these FTC provisions, only a district attorney or child support agency may obtain a report to enforce a judgment for arrears in child support. Plaintiff points to the FTC provision which

---

**3.** Datalink is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(d). Datalink is not named as a defendant.

**4.** § 1681b reads in full:

A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such report.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

**5.** Plaintiff suggests that De Ettore was not hired to collect a judgment from plaintiff, but rather simply was hired to locate plaintiff. For purposes of 15 U.S.C. § 1681b, we find no material distinction between the hiring of an investigator to actually collect a judgment, and the hiring of an investigator to locate the debtor so that judgment may thereafter be collected. This is clear in light of the language of § 1681b that a report may be issued for "the *review* or collection of an account."

directly follows the two provisions cited above:

A district attorney's office or other child support agency may obtain a consumer report in connection with enforcement of the report subject's child support obligation, established by court (or quasi-judicial administrative) orders, since the agency is acting as or on behalf of the judgment creditor, and is, in effect, collecting a debt.

16 C.F.R. Pt. 600, App. at 358 (1993).

Plaintiff's argument that this is a limiting provision, i.e., that *only* the district attorney or other child support agency may obtain a report to assist with child support enforcement, is without merit. As indicated, Ms. Baker herself could have obtained the report because she is a judgment creditor. It is of no import that Ms. Baker went to a detective agency, which has the authority to obtain credit reports on behalf of judgment creditors in general, rather than the district attorney's office, which has the authority to obtain credit reports specifically in connection with child support payments.[6] Indeed, the provision relied upon by plaintiff actually confirms this conclusion, as it states that the reason the district attorney may obtain the report is because "the agency is acting as or on behalf of the judgment creditor, and is, in effect, collecting a debt." *Id.*

The parallel state provision, N.Y.Gen.Bus. § 380-b ("Permissible dissemination of reports"), also provides that a consumer agency may furnish a report "[t]o a person whom it has reason to believe intends to use the information ... in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of*, the consumer...." N.Y.Gen.Bus. § 380-b(a)(3)(i). Thus we arrive at the same conclusion that defendants had a permissible purpose under state law to obtain a credit report concerning plaintiff. *Cf. Klapper v. Shapiro*, 154

Misc.2d 459, 586 N.Y.S.2d 846, 850–51 (1992) (giving same interpretations to parallel federal and state credit reporting provisions).

### 2. False Pretenses

■ Plaintiff's second allegation is that defendants obtained the report under "false pretenses" in violation of 15 U.S.C. § 1681q by misleading Datalink to believe that plaintiff had authorized issuance of the report. Plaintiff points to the letter written by Datalink stating that defendants had "indicated [to Datalink] that they had a release to run this credit report." Due to our finding that defendants had a "permissible purpose" to obtain the report under § 1681b, we disagree that the report was obtained under "false pretenses."

15 U.S.C. § 1681q reads in full:

Any person who knowingly and wilfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than $5000 or imprisoned not more than one year, or both.[7]

In *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir.1978), the Ninth Circuit explained that "[t]he standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b." That is, assuming that a consumer reporting agency is issuing reports only for what it believes to be a permissible purpose in compliance with § 1681b, a user of information who does not have a permissible purpose "cannot utilize an account with [this agency] ... without using a false pretense." *Id.* The court held that "obtaining a consumer report in violation of the terms of the statute without disclosing the impermissible (sic) purpose for which the report is desired can constitute obtaining consumer information under false pretenses." *Id.* at

---

6. In fact, defendants represent that Ms. Baker could not have requested assistance from the district attorney's office unless her child was on public assistance or Mr. Baker had violated a statute by refusing to pay.

7. This section has been interpreted as also creating a civil private cause of action. *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir.1978); *Kennedy v. Border Sav. & Loan Ass'n.*, 747 F.2d 367, 369 (6th Cir.1984). We assume there is a private right of action for purposes of this motion.

1219–20; *see also Boothe v. TRW Credit Data,* 557 F.Supp. 66, 71 (S.D.N.Y.1982) (citing *Hansen* and finding impermissible purpose and false pretenses); *Klapper,* 586 N.Y.S.2d at 851 (same).

Following the logic of *Hansen,* if a user of information had a permissible purpose to obtain a consumer report, then the user did not obtain the report from an agency under "false pretenses." *Zeller v. Samia,* 758 F.Supp. 775, 781–82 (D.Mass.1991) (granting summary judgment for defendants because defendants had permissible purpose and thus did not obtain report under false pretenses).

In the instant case, defendants had a permissible purpose to obtain the consumer report as private investigators working on behalf of a judgment creditor. It is immaterial that they may have indicated to Datalink that they had *plaintiff's* authorization for the report, because no such authorization was needed. As a matter of law, they did not obtain the report under false pretenses. This same conclusion applies to the companion state law provision of N.Y.Gen.Bus. § 380–o. *See Klapper v. Shapiro,* 154 Misc.2d 459, 586 N.Y.S.2d 846, 850–51 (1992) (giving same interpretations to parallel federal and state provisions governing "false pretenses") (citing *Hansen,* 582 F.2d at 1219).

### 3. *Deceptive Acts*

Plaintiff's third allegation is that by violating the above statutory provisions, defendants engaged in deceptive acts and practices in violation of N.Y.Gen.Bus. § 349. In light of our finding that defendants did not violate any of the federal or state law fair credit reporting provisions, we necessarily find that they did not engage in any deceptive acts or practices.[8]

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted.

**SO ORDERED.**

---

**8.** Because we are granting summary judgment in favor of all defendants, it is unnecessary for us to address the issues concerning individual liability and piercing the corporate veil.