**ADVANCED CONSERVATION SYS-TEMS INC., Alexander Delemo and Theresa Delemo, Plaintiffs,**

v.

**LONG ISLAND LIGHTING COMPANY and Bank of New York, Defendants.**

**No. CV 93–4928.**

United States District Court, E.D. New York.

July 24, 1996.

Neil A. Miller, Christopher Rosado, Mineola, New York, for Plaintiffs.

Leboeuf, Lamb, Greene, & Macrae, L.L.P. by John G. Nicolich, New York City, Leonard P. Novello, Long Island Lighting Company General Counsel by Eric M. Wagner, Hicksville, New York, for Defendant Long Island Lighting Company.

*MEMORANDUM & ORDER*

WEXLER, District Judge.

Plaintiffs Advanced Conservation Systems, Inc. ("ACSI"), Alexander Delemo ("Delemo") and Theresa Delemo brought the above-referenced action against defendants Long Island Lighting Company ("LILCO") and Bank of New York (the "Bank") asserting various claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and state law. By order dated December 19, 1994, familiarity with which is assumed, the Court dismissed seven of the plaintiffs' nine claims. Presently before the Court are LILCO's motion for summary judgment dismissing the remaining two claims—both asserted by Delemo against LILCO—and Delemo's opposition thereto, in the form of a cross-motion for summary judgment.

I.  *BACKGROUND*

The relevant facts are not in dispute. Delemo is president and sole shareholder of

---

ACSI, a contractor in the business of installing and servicing gas-heat equipment on Long Island. LILCO is a gas and electric utility.

Among its services, LILCO compiles a directory of local gas-heat contractors in good standing (the "directory"). LILCO provides the directory, upon request, to customers interested in converting to gas-heat systems or undertaking repairs to existing systems. To be included in the directory, contractors must complete an application and be approved by LILCO.

ACSI was listed in the directory from 1989 through 1991, but its name was removed in 1992 after LILCO determined that ACSI had made misstatements in its 1992 application. ACSI had represented that it had no judgments outstanding against it on the 1992 application, but credit reports on ACSI obtained by LILCO from TRW showed judgments outstanding. At the same time LILCO requested credit reports on ACSI, it also requested credit reports on Delemo.

The claims in the instant case arose as a result of the latter request. Delemo charges that LILCO violated the FCRA by obtaining his credit report from TRW.

## II. *DISCUSSION*

The FCRA is a federal consumer protection statute, enacted by Congress to establish credit reporting practices that protect the interest of the consumer in confidentiality, accuracy, relevancy, and proper utilization of consumer credit, personnel, insurance, and other information. 15 U.S.C. § 1681(b). Although the bulk of the FCRA regulatory mechanisms monitor the conduct of credit reporting agencies, the provision invoked in the instant case is one designed to check the conduct of parties requesting credit information from credit reporting agencies. The Eighth and Ninth Claims in the Complaint charge that LILCO violated the FCRA by

obtaining information on Delemo from TRW under false pretenses. *See id.* §§ 1681n, 1681o, and 1681q.[1] To assess the viability of Delemo's claim, however, reference must first be made to those provisions directed at the credit reporting agencies themselves.

A credit reporting agency may issue a consumer report only to those whom it knows or expects will use the report for certain "permissible purposes" set forth in the FCRA. *Id.* § 1681a and 1681b. Thus, assuming the credit reporting agency is complying with the statute, a party cannot obtain information on a consumer from a credit reporting agency for a purpose *not* permitted by the FCRA unless it uses false pretenses. *See Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir.1978). Conversely, where a permissible purpose underlies the request for a consumer report, the report cannot have been obtained under false pretenses. *Baker v. Bronx–Westchester Investigations, Inc.*, 850 F.Supp. 260, 264 (S.D.N.Y.1994). In the instant case, TRW is not accused of any wrongdoing; the allegation is that LILCO used false pretenses to obtain a consumer report on Delemo. As such, a showing by LILCO that it had a permissible purpose under the FCRA for obtaining the report is a complete defense to the charge.

A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no dispute as to the material facts in the instant case. The question for the Court—whether LILCO obtained Delemo's consumer report for a permissible purpose—is a legal one, which can be resolved on summary judgment. *See id.* at 261; *Zeller v. Samia*, 758 F.Supp. 775, 781–82 (D.Mass.1991).

The FCRA identifies the permissible purposes in terms of what a credit reporting agency reasonably believes a consumer re-

---

1. Civil liability is imposed for violations of the FCRA by § 1681n (willful) or § 1681o (negligent). Delemo contends that liability under one or the other of these provisions is triggered by LILCO's violation of § 1681q, which reads:

    Any person who knowingly and willfully obtains information on a consumer from a con-

sumer reporting agency under false pretenses shall be fined not more than $5,000 or imprisoned not more than one year, or both.

15 U.S.C. § 1681q; *see Hansen v. Morgan*, 582 F.2d 1214, 1219–1221 (9th Cir.1978) (holding that § 1681q may serve as a basis for civil liability under either § 1681n or § 1681o).

port will be used for. Under § 1681b, a consumer reporting agency has issued a consumer report for a permissible purpose where, *inter alia*, it reasonably believes that the party requesting the report "has a legitimate business need for the information in connection with a business transaction involving the consumer." 15 U.S.C. § 1681b(3)(E). The Court has little trouble construing ACSI's application for inclusion in the directory as a business transaction. In submitting the application, ACSI sought the business that inclusion in the directory would bring.

The questions become whether Delemo was part of that business transaction, and whether LILCO had a legitimate business need for his consumer report in connection with that transaction. Delemo was the sole principal of ACSI. Before approving an application and including a contractor in the directory, LILCO has a duty to potential customers who might consult the directory to assess the creditworthiness and trustworthiness of the applicant. In making these assessments, it is necessary for LILCO to obtain the applicant's credit report. It may also be necessary in some circumstances for LILCO to obtain the credit report of the applicant's principal. In the instant case, given ACSI's corporate structure, assessing ACSI's creditworthiness involved assessing Delemo's creditworthiness. As such, the Court determines that the business transaction was as much between LILCO and Delemo as it was between LILCO and ACSI, and that LILCO had a legitimate business need for Delemo's consumer report. Because the Court finds, as a matter of law, that LILCO had a permissible purpose under the FCRA for obtaining Delemo's consumer report, the Court also finds, as a matter of law, that the report was not obtained under false pretenses.

## III. *CONCLUSION*

For the above reasons, defendant LILCO's motion for summary judgment is granted, and Delemo's cross-motion for summary judgment is denied. Accordingly, the Eighth and Ninth Claims in the Complaint are dis-

missed, and the Clerk of the Court is directed to enter judgment in favor of defendants.

SO ORDERED.