**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ABRAHAM PAUL KOROTKI,
<u>Plaintiff-Appellant,</u>

v.

THOMAS, RONALD & COOPER, P.A., a
Maryland Professional Association,
<u>Defendant-Appellee,</u>

ATTORNEY SERVICES CORPORATION,
<u>Defendant & Third-Party Plaintiff-
Appellee,</u>

No. 96-1877

v.

DANIEL V. SCHMITT,
<u>Third Party Defendant-Appellee.</u>

US PUBLIC INTEREST; BANKCARD
HOLDERS OF AMERICA,
<u>Amici Curiae.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-94-1212-K)

Argued: September 29, 1997

Decided: December 5, 1997

Before WILKINS, Circuit Judge, PHILLIPS, Senior Circuit Judge,
and THORNBURG, United States District Court Judge for the
Western District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Irwin Raphael Kramer, THE LAW OFFICES OF IRWIN R. KRAMER, Owings Mills, Maryland, for Appellant. Terri Lynn Goldberg, ECCLESTON & WOLF, Baltimore, Maryland; Benjamin Lipsitz, Baltimore, Maryland, for Appellees. **ON BRIEF:** S. Todd Willson, ECCLESTON & WOLF, Baltimore, Maryland; Joel C. Richmond, OFFICE OF JOEL C. RICHMOND, Baltimore, Maryland, for Appellees. Ronald B. Katz, Owings Mills, Maryland, for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The appellant, Abraham Korotki, appeals from the district court's grant of summary judgment dismissing his action. For the reasons hereafter set forth, we affirm.

Summary judgment is appropriate if there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law. Fed. R. Civ. P. 56(c). We review the record de novo and in doing so view the evidence in the light most favorable to the party opposing summary judgment. Sony Corp. of America v. Bank One, West Virginia, Huntington, N.A., 85 F.3d 131, 135 (4th Cir. 1996). From this review, we must determine whether a genuine issue exists from which a reasonable jury considering the evidence could return a verdict for plaintiff. Shaw v. Stroud , 13 F.3d 791, 798 (4th Cir.) (citing Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248 (1986)), cert. denied, 513 U.S. 813, 814 (1994). A mere scintilla of evidence is not sufficient to defeat summary judgment.

Korotki is in the business of real estate development and construc- tion. In October 1991, he entered into a public works agreement with

2

Baltimore County for construction of public improvements at Old Court Village. Korotki requested Angelozzi Brothers, Inc. (Angelozzi) to provide full trench compaction at a cost estimate of $12,000 and agreed to pay this amount for compaction or, in the alternative, to give Angelozzi a car in lieu of cash. Pursuant to this oral contract, Angelozzi completed the trench compaction and billed Korotki for $6,000, one-half the original cost estimate. After repeated demands for payment which were refused by Korotki, Angelozzi sought a mechanics lien against the development property and retained the services of attorneys Thomas, Ronald & Cooper, P.A., and Daniel B. Schmitt, now third-party defendants, to collect the indebtedness. The attorneys then hired defendant Attorney Services Corporation to serve notice of the lien on appellant and his development company. This service was sought on appellant as owner of the real estate on which Old Court Village was located and as the president and only principal of APK Development. Maryland law required service of the notice of intent to lien on the landowner. Md. Real Prop. Code Annot. § 9-104.

From September through December 1993, unsuccessful efforts were made to serve Korotki in a variety of ways from registered mail to personal service to posting of notice on the gate of Korotki's house. All of the efforts having failed, Attorney Services Corporation obtained a copy of Korotki's credit report from Equifax Credit Information Services, a licensed collection agency in the State of Maryland, for the purpose of obtaining a new service address for Korotki. No helpful information was obtained from the report; no further use was made of the report, and a breach of contract action was finally filed in state court for collection of the indebtedness.

Thereafter, Korotki learned that the credit document had been obtained without his permission and filed the action now before this Court. Appellant alleged a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA), and pendant state claims under the Maryland Consumer Credit Reporting Agencies Act (MCCRAA).

This Court addresses the defendants' summary judgment motion under the assumption that the report is a consumer report and, therefore, that the FCRA applies to its use.

3

The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness . . . which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title. . . .

15 U.S.C. § 1681a(d) (1988); see also Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1273-75 (9th Cir. 1990).

Title 15, United States Code, Section 1681(b) permits a consumer reporting agency to furnish a report without the consumer's authorization:

(3) to a person which it has reason to believe

(A) intends to use the information with a credit transaction involving the consumer on whom the information is to be furnished and involving . . . collection of an account of, the consumer; or . . .

(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

While this language might arguably apply only to consumer agencies, we conclude that the wording is equally applicable to a user. Under § 1681(b), a user may only obtain a consumer report for a permissible purpose therein enumerated. Yohay v. City of Alexandria Employees' Credit Union, Inc., 827 F.2d 967, 972 (4th Cir. 1987) (citing Hanson v. Morgan, 582 F.2d 1214, 1216 (9th Cir. 1978)). Appellant has made no showing that the report was obtained for an impermissible purpose. We experience no difficulty under the facts of this case in concluding that seeking to obtain an alternate address at which to serve appellant was "a legitimate business need for the information in connection with a business transaction involving the [appel-

4

lant]," § 1681(b)(3)(E); and, therefore, a permissible purpose for its use. And, Angelozzi was seeking to collect an account owed by the consumer, § 1681(b)(3)(A), likewise a permissible purpose. Korotki admitted requesting Angelozzi to perform certain compaction services whether or not these services were already included in Angelozzi's contract with the county. He also agreed that if the county was not required to pay for the services, he would tender his car as payment. Obviously, these admitted facts created a business relationship between the parties, and Angelozzi correctly believed this to be true. The terms "legitimate business need" and "in connection with" refer to the needs and objections of the individual to whom the report is furnished, not the needs of the person about whom the report is furnished. Zeller v. Samia, 758 F. Supp. 775, 781 (D. Mass 1991). In that context, it was not necessary for Angelozzi to wait until his disputed claim had been reduced to judgment before obtaining a consumer report. See Baker v. Bronx-Westchester Investigations, Inc., 850 F. Supp. 260, 262-63 (S.D.N.Y. 1994). It is likewise immaterial that a person other than defendant himself received the report for a permissible use. Id., at 262.

Appellant also seeks similar relief under the MCCRAA. Inasmuch as the FCRA and the MCCRAA are virtually identical, we conclude, as did the district court, that the defendants violated neither statute. Cambridge Title Co. v. Transamerica Title Ins. Co., 817 F. Supp. 1263, 1278 (D. Md. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993).

For the foregoing reasons and the reasons set forth by the court below, the district court's judgment is

AFFIRMED.

5