James EDGE, Plaintiff,

v.

PROFESSIONAL CLAIMS BUREAU,
INC., And 'John Doe,'
Defendants.

No. CV 98–5464.

United States District Court,
E.D. New York.

Sept. 10, 1999.

Adam J. Fishbein, Uniondale, New York, for plaintiff.

Jacobowitz, Garfinkel & Lesman, by Kevin Barry McHugh, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, James Edge ("Plaintiff" or "Edge") commenced this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), the Social Security Act, 42 U.S.C. § 408 and the Consumer Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Named as defendant is Professional Claims Bureau, Inc. ("Professional"), a company engaged in the business of debt collection. The complaint alleges, essentially, that Professional obtained Plaintiff's credit report for an improper purpose and that this action violated the above-referenced statutes.

Presently before the court is defendant's motion for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

I. *Factual Background*

The undisputed facts surrounding plaintiff's complaint are stated simply. James Edge is employed as a process server. On May 23, 1997, Edge appeared at Professional's office for the purpose of serving a summons in connection with a civil lawsuit naming Professional as a defendant. On that same date, Professional accessed a credit reporting service, known as "Experian," and obtained Edge's address. Edge contends that the credit search was conducted in "retaliation" for Edge's attempt to serve Professional and therefore was for a purpose deemed improper by the FCRA.

Additional facts, supplied by way of Professional's affidavit in support of its motion for summary judgment, and uncontroverted by Plaintiff, indicate that prior to the time that Edge's credit report was obtained, Professional had been referred a debt for collection by North Shore Hospital. Edge was the guarantor of that debt. Professional attempted to collect on the hospital debt in 1996 by sending a letter that was returned as undeliverable.

Because of the referral of the hospital debt for collection, Professional was, on May 23, 1997, in possession of Edge's social security number. Professional used that number to conduct the May 1997 search, known in the credit industry as a "social search," to obtain Edge's address. The credit reporting agency providing the data requested indicated to Professional that the search would not be disclosed as a credit inquiry to those requesting Plaintiff's credit history. This is confirmed by Professional's submission of a copy of Plaintiff's credit report, produced by Plaintiff in discovery in this matter. That report notes Professional's May 1997 inquiry and confirms that this inquiry, along with several others noted on the report, falls into a class of inquiries that are not reported to those asking for a review of Plaintiff's credit history.

Despite obtaining Edge's address in 1997, Professional made no attempt to collect the hospital debt. According to Professional, the decision not to pursue the debt was based upon Edge's occupation as a process server for an attorney specializing in FRCA law.

## DISCUSSION

### I. *Legal Principles*

#### A. *Summary Judgment Standards*

Professional has moved for summary judgment dismissing the complaint. Summary judgment is appropriate only if there are "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). On motions for summary judgment the court will not try issues of fact, but will determine only if there are issues to be tried. *See Donahue v. Windsor Locks Bd. Of Fire Commissioners,* 834 F.2d 54, 55 (2d Cir.1987). With these principles in mind, the court turns to consider defendant's motion.

#### B. *"False Pretenses" Liability Under the FCRA*

As noted above, plaintiff seeks relief pursuant to the FCRA. The relevant section is 15 U.S.C. § 1681n(b) ("Section 1681n(b)"). That section of the FCRA imposes civil liability on those who obtain credit reports from consumer reporting agencies "under false pretenses or knowingly without a permissible purpose." 15 U.S.C. § 1681n(b). There is no question that Professional obtained a credit report regarding Edge from a credit reporting agency. The only question is whether Professional obtained the report under "false pretenses" or "knowingly without a permissible purpose."

■ Courts considering whether credit reports are obtained for an improper purpose have looked to a related section of the FCRA. Specifically, courts consider whether the reason for obtaining the information was a "permissible" purpose (as set forth in the FCRA) for which such information may be furnished by a credit reporting agency. If no such "permissible purpose" exists, the person requesting the information is deemed to have obtained the information under false pretenses. *See, e.g., Advanced Conservation Systems, Inc. v. Long Island Lighting Company,* 934

F.Supp. 53, 55 (E.D.N.Y.1996), *aff'd,* 113 F.3d 1229, 1997 WL 280022 (2d Cir.1997); *see Hansen v. Morgan,* 582 F.2d 1214, 1219–1220 (9th Cir.1978); *Korotki v. Attorney Services Corp., Inc.,* 931 F.Supp. 1269, 1276 (D.Md.1996), *aff'd,* 131 F.3d 135, 1997 WL 753322 (4th Cir.1997); *Baker v. Bronx–Westchester Investigations, Inc.,* 850 F.Supp. 260, 263–64 (S.D.N.Y.1994).

"Permissible purposes" for obtaining credit information are set forth in 15 U.S.C. § 1681b ("Section 1681b"). That section states, *inter alia,* that a consumer credit report is furnished for a permissible purpose where the party requesting the report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C. § 1681b(3)(A).

■ To prove a violation of Section 1681n(b), plaintiff must show that credit information was obtained for an impermissible purpose—a showing of a permissible purpose is a complete defense. *Advanced Conservation,* 934 F.Supp. at 54; *see Korotki,* 931 F.Supp. at 1275 (violation of FCRA is proven by showing a lack of permissible purpose); *Baker,* 850 F.Supp. at 264 (if a user had a permissible purpose to obtain information, the "user did not obtain the report from an agency under 'false pretenses' ").

■ The issue of whether a report has been obtained for a permissible purpose presents a question of law that may be decided in the context of a motion for summary judgment. *See Advanced Conservation,* 934 F.Supp. at 54; *Zeller v. Samia,* 758 F.Supp. 775, 781–82 (D.Mass. 1991). Where a permissible purpose for obtaining the credit information is demonstrated, then, as a matter of law, the information cannot have been obtained under false pretenses. *Baker,* 850 F.Supp. at 264. Under such circumstances the defendant is entitled to summary judgment.

*See, e.g., Advanced Conservation,* 934 F.Supp. at 54–55; *Baker,* 850 F.Supp. at 264.

## ANALYSIS

### A. *Liability of Professional Under the FCRA*

■ At the time that Professional had the "social search" conducted to obtain Plaintiff's address, it had been referred a debt for collection, guaranteed by Plaintiff, from North Shore Hospital. The referral of that debt gave Professional a permissible purpose for obtaining the credit information pursuant to 15 U.S.C. § 1681b. Specifically, Professional sought the information in the collection of a credit transaction involving Plaintiff. This is a clearly permissible purpose under Section 1681b(3)(A). The existence of this permissible purpose constitutes a complete defense to the claim that the information was obtained under false pretenses under Section 1681n(b) and therefore entitles Professional to summary judgment. *See Advanced Conservation,* 934 F.Supp. at 54–55; *Baker,* 850 F.Supp. at 264.

Plaintiff makes much of the fact that Professional had apparently abandoned all attempts to collect the North Shore Hospital debt prior to the date when he attempted service on Professional. The coincidence of service on Professional and accessing plaintiff's credit information, however, fails to create an issue of fact sufficient to defeat summary judgment. First, as noted, the existence of a permissible purpose is a complete defense to Plaintiff's claim and requires a grant of defendant's motion for summary judgment. *Advanced Conservation,* 934 F.Supp. at 54–55. Even assuming that there is a cause of action under the FCRA for some "mixed motive" accessing of information, plaintiff has come forward with no evidence of an improper purpose on the part of Professional.

As clearly set forth in Professional's uncontroverted affidavit, Professional made a business decision not to pursue any collection activities in connection with the North Shore Hospital debt. Thus, no collection activity, bad-faith, harassing or otherwise, followed the accessing of the information regarding Plaintiff. Additionally, there is no allegation of any improper use of Plaintiff's address. Further, there was never any publication of the fact that Professional made an inquiry regarding Plaintiff's credit report to any entity seeking to access Plaintiff's credit report. As clearly stated in that report, a "social search" such as that conducted on behalf of Professional, is not reported as a credit inquiry.

In view of the foregoing, the court holds that Professional's goal of obtaining a current address for a debtor was a permissible purpose for accessing Plaintiff's credit report. Accordingly, Professional is entitled to summary judgment on the FCRA claim. *Accord Korotki,* 931 F.Supp. 1269, 1275 (accessing credit report to obtain address at which to serve plaintiff with process was a permissible purpose under the FCRA entitling defendant to summary judgment on false pretenses claim), *aff'd,* 131 F.3d 135, 1997 WL 753322 (4th Cir. 1997).

### B. *Remaining Claims*

In addition to seeking redress pursuant to the FCRA Plaintiff seeks to impose liability on Professional under the Social Security Act, 42 U.S.C. § 408 (the "Social Security Act Claim") and the Consumer Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "Computer Fraud Act Claim").

Plaintiff's Social Security Act claim states that Professional violated 42 U.S.C. § 408(a)(8). That statute imposes a criminal penalty on anyone who "discloses, uses, or compels the disclosure of the social security number of any person in violation of the laws of the United States." As defendant correctly points out, this is a criminal statute which provides for no civil remedies. Plaintiff has not even bothered to brief the issue of whether a civil cause

of action may be pursued under this statute.

■] Even if such a cause of action exists, however, Plaintiff's claim must be dismissed. As noted above, Professional was in possession of Plaintiff's social security number because of the referral of the North Shore Hospital debt. In view of the court's holding above, that Professional used the social security number for a permissible purpose under the FCRA, there can be no claim that the number was used "in violation of the laws of the United States." 42 U.S.C. § 408(a)(8).

■] For similar reasons, the court dismisses the Computer Fraud Act claim. The relevant statute, 18 U.S.C. § 1030, imposes liability for accessing a computer, without authorization, and thereby obtaining consumer information contained in a file of a consumer reporting agency. Because Professional accessed Plaintiff's address for a permissible purpose under the FCRA, that access cannot be said to have been without "authorization" as required to impose liability under the Computer Fraud Act. Thus, Professional is entitled to summary judgment on Plaintiff's Computer Fraud Act claim.

### C. *Attorneys Fees*

Professional seeks an award of attorneys fees pursuant to 15 U.S.C. § 1681n(c). That section provides for an award of fees associated with responding to an unsuccessful pleading or motion that was filed "in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c). Fees are not awarded simply because a party prevails in litigation. Instead, it must be shown that the party who did not prevail commenced and continued the litigation in bad faith or for purposes of harassment. The court has considered the record and submissions of the parties and declines to award attorneys fees in this matter.

## CONCLUSION

The motion for summary judgment of defendant Professional Claims Bureau, Inc. is granted in all respects. The motion for attorneys fees is denied. The Clerk of the Court is directed to close the files in this case.

SO ORDERED.