■ Robert N. DeBenedictis, Respondent, v Robert Malta, Appellant, et al., Defendant. (And a Third-Party Action.) [33 NYS3d 232]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered March 9, 2015, which, inter alia, denied defendant Robert Malta's motion for summary judgment dismissing plaintiff's claims for breach of fiduciary duty and fraudulent concealment, unanimously affirmed, without costs.

Defendant could not raise the argument that he was not a fiduciary for the first time on appeal from the denial of summary judgment. This fact-based argument is not the type generally considered for the first time on appeal (*compare Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp.*, 65 AD3d 405, 408-409 [1st Dept 2009]). By raising it at this stage, defendant deprived plaintiff of the opportunity to annex relevant evidence to its affidavits (*see First Intl. Bank of Israel v Blankstein & Son*, 59 NY2d 436, 447 [1983]). In any event, the record shows that defendant, who was a co-managing member of various LLCs with plaintiff, and who had broad, long-standing business dealings with him, failed to establish a lack of fiduciary duty as a matter of law (*see Salm v Feldstein*, 20 AD3d 469 [2d Dept 2005]).

Defendant failed to establish any waiver, release, or limitation of his fiduciary obligations, simply by virtue of a standard integration clause in the parties' agreement. It is true that sophisticated parties can release fiduciaries from their obliga-

tions and from claims (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 277 [2011]). However, such an agreement must contain a broad general release (*see id.*), or an express release of fiduciary claims (*see Pappas v Tzolis*, 20 NY3d 228, 232-233 [2012]). Moreover, these waivers must be made where there is no longer a relationship of trust (*id.* at 233). Here, the mere fact that plaintiff did not want to go through with developing certain of the properties was not dispositive of a lack of trust. For these same reasons, plaintiff was not under a duty of heightened diligence with regard to the transaction.

Furthermore, since the only challenge to the fraudulent concealment claim was that defendant was not a fiduciary, summary judgment was properly denied as to that claim as well. Concur—Tom, J.P., Sweeny, Moskowitz and Gesmer, JJ.