Lutin v SAP V/A Atlas 845 WEA Assoc. NF LLC (2018 NY Slip Op 00103)





Lutin v SAP V/A Atlas 845 WEA Assoc. NF LLC


2018 NY Slip Op 00103


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5397 114393/10

[*1]Michael Lutin, Plaintiff-Appellant,
v
SAP V/A Atlas 845 WEA Associates NF LLC, et al., Defendants-Respondents, Cetra/Ruddy Inc., et al., Defendants.


Karim H. Kamal, New York (Karim H. Kamal of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Deborah E. Riegel of counsel), for SAP V/A Atlas 845 WEA Associates NF LLC, respondent.
Frenkel Lambert Weiss Weisman & Gordon, LLP, New York (M. Diane Duszak of counsel), for SAP V/A Atlas 845 WEA Associates NF LLC, Sterling American Property Inc., Atlas Capital Group LLC and R.A. Cohen & Associates, Inc., respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 7, 2016, which, to the extent appealed from, granted defendants-respondents' motion for summary judgment dismissing the "negligence - personal injury" claim as time-barred and limiting the breach of contract claim to allegations arising on or after July 24, 2008, unanimously affirmed, without costs.
Plaintiff's failure to serve defense counsel Rosenberg & Estis, P.C., with a copy of the notice of appeal is not fatal to his appeal. The notice of appeal indicates that it was served on defense cocounsel Frenkel Lambert Weiss Weisman & Gordon, LLP, which firm, as defendants' own submissions demonstrate, also represented defendants in this litigation.
Since the notice of appeal limited the appeal to the parts of the order that dismissed the negligence claim and limited the breach of contract claim, we cannot consider plaintiff's arguments addressed to the denial of his cross motion for partial summary judgment (see CPLR 5515[1]; D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 453 [1st Dept 2013]).
We do not reach plaintiff's arguments in support of reinstating the negligence claim and the part of the breach of contract claim that the motion court determined was time-barred, because they are fact-based arguments improperly raised for the first time on appeal (DeBenedictis v Malta, 140 AD3d 438 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK