Matter of Wimbledon Fin. Master Fund, Ltd. v Wimbledon Fund, SPC (2018 NY Slip Op 04075)





Matter of Wimbledon Fin. Master Fund, Ltd. v Wimbledon Fund, SPC


2018 NY Slip Op 04075


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6503 652771/16

[*1]In re Wimbledon Financing Master Fund, Ltd., Petitioner-Respondent,
v
Wimbledon Fund, SPC on behalf of Class C Segregated Portfolio, Respondent-Appellant, Wimbledon Real Estate Financing Master Fund Ltd., et al., Respondents.


Sadis & Goldberg, LLP, New York (Douglas Hirsch of counsel), for appellant.
Kaplan Rice LLP, New York (Joseph A. Matteo of counsel), for respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 1, 2017, which, insofar as appealed from, denied the motion by respondent Wimbledon Fund, SPC on behalf of Class C Segregated Portfolio to dismiss the petition, and ordered respondent to pay $700,000 and attorneys' fees to petitioner, unanimously affirmed, without costs.
Petitioner, the assignee of nonparty Weston Capital Partners Master Fund II, Ltd. (Partners), seeks to collect on a judgment that Partners obtained against nonparty Arius Libra, Inc., after Arius defaulted on a loan it received from Partners. Petitioner alleges that Partners' investment managers caused Partners to make the loan "and then promptly authorized" the transfer of $700,000 of the loan proceeds to respondent Wimbledon Fund, SPC on behalf of Class C Segregated Portfolio (Class C), another investment fund they managed. Petitioner contends that since Arius owed no debts to Class C and Class C provided no services to Arius in exchange for the $700,000, the transfer was a fraudulent conveyance.
Class C makes various arguments as to why the transfer was not a fraudulent conveyance. We decline to consider most of them because they are based on new facts that are not in the record (see e.g. DeBenedictis v Malta, 140 AD3d 438 [1st Dept 2016]), and the facts of which Class C asks us to take judicial notice are not the types of facts of which such notice may properly be taken (see Walker v City of New York, 46 AD3d 278, 282 [1st Dept 2007]).
Class C's fraudulent conveyance arguments that are based on the record are unavailing. To determine whether a transfer is fraudulent, "its economic substance must be evaluated" (Stillwater Liquidating LLC v Partner Reins. Co., Ltd., 2017 NY Slip Op 30257[U], *8 [Sup Ct, NY County 2017], affd 151 AD3d 585 [1st Dept 2017]). Thus, it is of no moment that, technically, the money was wired from Partners' bank account rather than from Arius.
Class C argues that the court improperly accepted petitioner's allegation that Arius was insolvent at the time of the transfer. However, because Class C moved to dismiss the petition for failure to state a cause of action, the court was obligated to accept the petition's allegations as true unless Class C refuted them (see Matter of Nistal v Hausauer, 308 NY 146, 149 [1954], cert denied 349 US 962 [1955]; Matter of Schwab v McElligott, 282 NY 182, 184-186 [1940]).
Class C (the transferee) argues that it acted in good faith. However, "[g]ood faith is required of both the transferor and the transferee" (Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303 [1st Dept 2006] [internal quotation marks omitted]).
On appeal, Class C now argues that petitioner's claims are barred by the doctrine of in pari delicto. This doctrine may be raised for the first time on appeal (see Janke v Janke, 47 AD2d 445, 449-450 [4th Dept 1975] [unclean hands can be considered for first time on appeal], affd 39 NY2d 786 [1976]); FIA Leveraged Fund Ltd. v Grant Thornton LLP, 50 Misc 3d 1213[A], 2016 NY Slip Op 50093[U], *5 [Sup Ct, NY County 2016] [in pari delicto is equivalent to unclean hands], affd 150 AD3d 492 [1st Dept 2017]). However, the argument does not avail Class C. We have already held that "in pari delicto is not a defense to a fraudulent conveyance suit" (FIA Leveraged Fund Ltd. v Grant Thornton LLP, 150 AD3d 492, 497 [1st Dept 2017] [internal quotation marks omitted]). The court properly denied Class C's motion to dismiss, finding that the $700,000 transfer to Class C was both constructively fraudulent (Debtor and Creditor Law § 273) and intentionally fraudulent (Debtor and Creditor Law § 276).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK