Aldrich v Northern Leasing Sys., Inc. (2019 NY Slip Op 00183)





Aldrich v Northern Leasing Sys., Inc.


2019 NY Slip Op 00183


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8079 602803/07

[*1]Bradley C. Aldrich, et al., Plaintiffs-Appellants,
v
Northern Leasing Systems, Inc., et al., Defendants-Respondents.


Chittur Law Offices, P.C., Ossining (Krishnan Chittur of counsel), for appellants.
Cahill Gordon & Reindel LLP, New York (Thomas J. Kavaler of counsel), for respondents.



Order, Supreme Court, New York County (Martin Shulman, J.), entered March 23, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion to strike defendant Jay Cohen's answer and for class certification, partial summary judgment, and sanctions, and granted defendants' cross motion for summary judgment dismissing plaintiffs Michael Arnold and Estela Salas's first cause of action, Salas and plaintiff Bradley C. Aldrich's fourth cause of action, and all plaintiffs' fifth and sixth causes of action, unanimously modified, on the law, to deny the cross motion as to Arnold's first, fifth, and sixth causes of action, Aldrich's fourth, fifth, and sixth causes of action, and Salas's fourth and fifth causes of action and so much of her sixth cause of action as is based on lack of notice, and otherwise affirmed, without costs.
Plaintiffs allege that some of the business practices of defendant Northern Leasing Systems, Inc. (NLS), a New York corporation that leases out equipment such as machines used by merchants to swipe credit cards, violate the Fair Credit Reporting Act (FCRA) (15 USC § 1681 et seq.) and the New York Fair Credit Reporting Act (NYFRCA) (General Business Law [GBL] § 380 et seq.).
The court providently exercised its discretion in declining to strike the answer, either as to all defendants or solely as to Cohen, upon finding, sub silentio, that defendants' complained-of conduct was not "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1[c][2]; see generally CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318 [2014]; Pickens v Castro, 55 AD3d 443 [1st Dept 2008]).
Defendants may argue for the first time on appeal that the FCRA preempts the NYFCRA, as this is a question of statutory interpretation (see Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 250 [1986]). However, on the merits, the argument is unavailing. The FCRA does not prevent states from giving consumers more protection than the federal statute affords (see Credit Data of Arizona, Inc. v State of Arizona, 602 F2d 195, 198 [9th Cir 1979]; see also Davenport v Farmers Ins. Group, 378 F3d 839, 842-843 [8th Cir 2004]).
The fourth through sixth causes of action allege violations of GBL 380-b(b). These causes of action asserted by plaintiff Aldrich should not have been dismissed on the ground that Aldrich is a Texan. Unlike GBL 349(a), GBL 380-b(b) is not, by its terms, restricted to this State (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314 [2002]). Thus, it applies to NLS, a New York business that requested consumer credit reports (CCRs) on non-New Yorkers (see Aghaeepour v Northern Leasing Sys., Inc., 2015 WL 7758894, *12-13, 2015 US Dist LEXIS 161018, *36-38 [SD NY, Dec. 1, 2015, 14 CV 5449 (NSR)], corrected on other grounds 2016 WL 828130, 2016 US Dist LEXIS 23851 [SD NY, Feb. 25, 2016]).
An issue of fact precludes summary dismissal of the fourth through sixth causes of action asserted by plaintiff Salas, another Texan, on the ground that Salas's CCR was requested by a non-New York business. Defendants submitted an affidavit by NLS's Lina Kravic saying that [*2]nonparty MBF Leasing, LLC (MBF), an Illinois entity, accessed Salas's CCR. However, Salas submitted an affidavit saying that NLS had accessed her CCR. We do not find that Kravic's affidavit contradicts her deposition. Plaintiffs improperly raise the best evidence rule for the first time on appeal (see generally DeBenedictis v Malta, 140 AD3d 438 [1st Dept 2016]).
Plaintiffs argue that defendants lacked a permissible purpose for pulling Arnold's CCRs. This argument has merit insofar as an issue of fact exists whether Arnold's signature on his personal guaranty was forged (see Northern Leasing Sys., Inc. v Kollars, 56 Misc 3d 131[A] [App Term, 1st Dept 2017]). At his deposition, Arnold testified that he signed only the "Lease Acceptance" box (i.e., signed the lease on behalf of his business), not the "Personal Guaranty" box. The boxes were on separate pages of the lease. By contrast, Salas, to whom this argument also applies if NLS pulled her CCR, testified that she signed only a one-page document; this testimony raises no inference that Salas's signature on the guaranty was forged. Plaintiffs' remaining contentions as to lack of a permissible purpose are unavailing. It is permissible for a person to run a credit search on the guarantor of a debt (see e.g. Edge v Professional Claims Bur., Inc., 64 F Supp 2d 115, 118 [ED NY 1999], affd 234 F3d 1261 [2d Cir 2000]).
In view of the foregoing, as the first cause of action alleges that NLS violated the FCRA by accessing plaintiffs' CCRs without a permissible purpose and the sixth cause of action alleges that NLS negligently violated the NYFRCA by obtaining plaintiffs' CCRs without a permissible purpose and without providing the required notice, Arnold's first and sixth causes of action should not have been dismissed. However, Salas's first cause of action and sixth cause of action to the extent it alleges impermissible purpose were correctly dismissed.
Defendants argue that plaintiffs' claim that they negligently violated GBL 380-b(b) by obtaining plaintiffs' CCRs without giving advance written notice (the fifth cause of action) fails because plaintiffs did not show that they sustained actual damages as a result of the violation, as required by GBL 380-m. This argument also applies to the sixth cause of action, which alleges a negligent violation of GBL 380-b(a) and (b), and, because 15 USC § 1681o imposes a similar requirement for negligent violation of the FCRA, to the first cause of action. However, the record on appeal, which does not include the expert reports mentioned by the motion court and plaintiffs, is insufficient to permit review of defendants' argument. Further, we are loath to consider the argument because defendants did not cross-appeal from the parts of the order adverse to them. The insufficiency of the record also precludes summary judgment in plaintiffs' favor on the fifth cause of action.
Plaintiffs are not entitled to summary judgment on the fourth cause of action (willful violation of GBL 380-b[b] by obtaining CCRs without giving the required notice), for which actual damages are not required and punitive damages may be awarded, because it cannot be said as a matter of law that defendants' conduct was reckless, as opposed to merely careless (see Navigators Ins. Co. v Sterling Infosystems, Inc., 145 AD3d 630, 631 [1st Dept 2016], quoting Safeco Ins. Co. of America v Burr, 551 US 47, 57 [2007]; Safeco, 551 US at 69).
The court providently exercised its discretion in denying class certification on the fourth and fifth causes of action. Common questions of law or fact do not predominate (see CPLR 901[a][2]), because it will be necessary to look at each class member's lease/personal guaranty to see if it gave advance notice that the member's CCR would be accessed. NLS and its affiliated companies use more than 247 different forms of lease/personal guaranty (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422-423 [1st Dept 2010]; see also Batas v Prudential [*3]Ins. Co. of Am., 37 AD3d 320 [1st Dept 2007]). In light of the above disposition, we need not reach the parties' remaining class-action-related arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK