Vincent J. MONE, Plaintiff–Appellant,

v.

Milton DRANOW, Defendant–Appellee.

No. 89–56105.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1990.

Decided Sept. 26, 1991.

Paul A. Renne, Cooley, Godward, Castro, Huddleson & Tatum, San Francisco, Cal., Robert J. Ward, Shea & Gold, New York City, for plaintiff-appellant.

George C. Halversen, Glendale, Cal. for defendant-appellee.

Before BROWNING, PREGERSON and LEAVY, Circuit Judges.

PER CURIAM:

Appellant Vincent Mone, a former employee of appellee Milton Dranow, appeals the district court's grant of summary judgment for Dranow on Mone's claim that Dranow obtained a credit report regarding Mone for a purpose impermissible under section 604 of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681–1681t (1982). We review de novo, *see Hansen v.*

*Black,* 885 F.2d 642, 643 (9th Cir.1989), and reverse.

In 1988 Mone quit his job at Sawyer of Napa, Inc., a California corporation of which Dranow is president and chief executive officer. When Mone established a competing firm, Dranow sued him for $5,000,000, alleging unfair competition ("the Sawyer Action"). Three days prior to the filing of the Sawyer Action, Dranow had obtained a credit report regarding Mone from TRW, Inc., a credit reporting agency. During discovery in the Sawyer Action, Mone learned of Dranow's acquisition of the credit report and filed suit against Dranow personally, alleging Dranow obtained the report for a purpose not authorized by the FCRA. The district court granted summary judgment for Dranow. Mone appealed.

The FCRA provides in relevant part:

A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

. . . . .

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license ...; or

(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

15 U.S.C. § 1681b (1982). A consumer whose credit report is obtained for reasons other than those listed in the statute may recover actual and punitive damages and

attorney's fees and costs from the user of such information. 15 U.S.C. § 1681n (1982).

■ Neither party disputes that TRW is a "consumer reporting agency" and that the report issued was a "consumer report," as those terms are defined at 15 U.S.C. §§ 1681a(d) & (f) (1982). Thus, Dranow's request for Mone's credit report was impermissible unless Dranow obtained the report for one of the purposes specified in section 1681b(3). Dranow argues his request for Mone's credit report fell within the "business need" exception of section 1681b(3)(E) because he sought the report to determine whether Mone had sufficient assets to pay a judgment in the $5,000,000 unfair competition action or in a separate action for $39,000 contemplated by Dranow. We disagree.

Congress intended the FCRA to authorize a credit reporting agency to issue a consumer report to determine "an individual's eligibility for credit, insurance or employment." 116 Cong.Rec. 36,572 (1970) (Statement of Rep. Sullivan). Reports used for "business, commercial, or professional purposes" are not within the purview of the statute. *Id.* Determining whether an adverse party in litigation will be able to satisfy a judgment is plainly a purpose unrelated to "an individual's eligibility for credit, insurance or employment." A contrary construction of the statute would frustrate Congress' intent.

This view of section 1681b(3)(E) is consistent with that of the majority of courts that have addressed the issue. In *Houghton v. New Jersey Mfrs. Ins. Co.*, 795 F.2d 1144, 1149 (3d Cir.1986), the Third Circuit concluded that to fall within the business need exception of section 1681b(3)(E), a transaction "must relate to one of the other specifically enumerated transactions in §§ 1681a(d) and b(3), *i.e.*, credit, insurance eligibility, employment, or licensing." The court reasoned that a "broad interpretation of the 'business transaction' language of § 1681b(3)(E) would render the specificity of §§ 1681a(d) [defining 'consumer report'] and b(3) meaningless." *Id.; accord Ippoli-*

*to v. WNS, Inc.*, 864 F.2d 440, 451 (7th Cir.1988). Most district courts have reached similar conclusions. *See, e.g., Russell v. Shelter Financial Services*, 604 F.Supp. 201, 202–03 (W.D.Mo.1984) (acquisition of credit report to ascertain whether former employee had been embezzling funds was not permissible); *Boothe v. TRW Credit Data*, 557 F.Supp. 66, 70 (S.D.N.Y.1982) (investigating plaintiff for suspected counterfeiting activities was an impermissible purpose under § 1681b(3)(E) because there was no consumer relationship between private investigative agency and plaintiff); *Cochran v. Metropolitan Life Ins. Co.*, 472 F.Supp. 827, 830–31 (N.D.Ga.1979) (FCRA covers reports prepared to determine eligibility for insurance coverage, but not reports compiled to evaluate claims for benefits).

■ Nor can the decision below be affirmed on the basis of section 1681b(3)(A), to which the district court alluded in its order granting summary judgment. Dranow did not intend to use the credit information "in connection with a credit transaction involving the consumer," 15 U.S.C. § 1681b(3)(A) (1982).

■ Dranow contends he was acting in his corporate capacity as chief executive officer of Sawyer when he ordered the acquisition of Mone's credit report and is therefore not personally liable to Mone for any improprieties related to the acquisition. However, both California corporate law and federal common law hold that corporate officers are personally liable for their torts even if the torts were committed on behalf of the corporation. *See, e.g., Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 785, 157 Cal.Rptr. 392, 598 P.2d 45 (1979); *Transgo, Inc. v. AJAC Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985).

The district court judgment is REVERSED.[1]

---

**1.** Dranow's request for sanctions against Mone   and his attorneys under Federal Rule of Civil

Procedure 11 for filing "a frivolous lawsuit" is denied. Dranow's request for sanctions against Mone under Circuit Rule 30–2 for including an allegedly irrelevant one page Dunn & Bradstreet report in the excerpts of record is also denied. *See Kirshner v. Uniden Corp. of America,* 842 F.2d 1074, 1083 (9th Cir.1988).