1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leslie Andre SCHOKA, Plaintiff-Appellant,
v.
GENERAL MOTORS ACCEPTANCE CORP.; Winkel Pontiac GMC
Incorporated, Defendants-Appellees.
 No. 92-15939.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided July 30, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leslie Andre Schoka appeals pro se the district court's summary judgment for defendant Winkel Pontiac (Winkel) in Schoka's action alleging that Winkel violated the Fair Credit Reporting Act ("Act"), 15 U.S.C. Sec. 1681 et seq., by turning over to the Washoe County, Nevada District Attorney, pursuant to a subpoena duces tecum, records concerning Schoka's purchase of an automobile from Winkel, including his credit records.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 The purpose of the Act is
 
 4
 to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.
 
 
 5
 15 U.S.C. Sec. 1681(b). Section 1681a(f) defines "consumer reporting agency" as
 
 
 6
 any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.
 
 
 7
 15 U.S.C. Sec. 1681a(f). "A consumer whose credit report is obtained for reasons other than those listed in the statute may recover actual and punitive damages and attorney's fees and costs from the user of such information." Mone v. Dranow, 945 F.2d 306, 307-08 (9th Cir.1991) (citing 15 U.S.C. Sec. 1681n). Under sections 1681n and 1681o, respectively, consumer reporting agencies and users may be held liable for willful or negligent noncompliance with any requirement imposed under the Act. Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1273 (9th Cir.1990).
 
 
 8
 Here, the district court granted summary judgment for Winkel on three separate grounds: (1) Winkel is not a "consumer reporting agency" within the meaning of the Act; (2) the Act has an exclusion for information provided pursuant to a court order; and (3) the Act does not apply to information gained as part of a transaction in which the reporter was involved as a participant.
 
 
 9
 The following facts are undisputed. Winkel is a retail automobile dealership. In May 1989, Schoka purchased an automobile from Winkel and executed a "Retail Installment Sales Contract." In July 1989, the Justice Court of Reno, Nevada issued a subpoena duces tecum requiring Winkel to release "all records regarding credit records, records of sale, and title information" pertaining to the sale of the automobile to Schoka. Winkel complied with the subpoena and submitted these documents. Schoka's sole allegation in the present action is that by submitting the requested documents, Winkel violated the Act.
 
 
 10
 To the extent that Schoka seeks to hold Winkel liable as a credit reporting agency, his claim fails. There is no indication in the record, nor does Schoka allege, that Winkel is such an agency. Winkel does not assemble or evaluate consumer credit information or other information on consumers for the purpose of furnishing credit reports to third parties. See 15 U.S.C. Sec. 1681a(f).
 
 
 11
 To the extent Schoka seeks to hold Winkel liable as a user of credit information, there is no basis for doing so. Winkel obtained the information "in connection with a credit transaction involving [Schoka] on whom the information [was] to be furnished and involving the extension of credit to ..." Schoka. The information was not obtained by Winkel for the purpose of furthering Schoka's subsequent criminal prosecution. Thus, Winkel obtained the information for a purpose specified by the statute and cannot be held liable under either section 1681n or 1681o as a user of credit information. See Mone, 945 F.2d at 307-08; Comeaux, 915 F.2d at 1273. Accordingly, the district court did not err by granting summary judgment for Winkel.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Schoka named General Motors Acceptance Corporation in his complaint, he appeals the district court's summary judgment only as to Winkel