Saleh HASBUN, Plaintiff–Appellant,

v.

COUNTY OF LOS ANGELES; Gil Garcetti, District Attorney; Wayne D. Doss; Experian Information Solutions, Inc., an Ohio corporation, Defendants–Appellees.

No. 02–55495.

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 2003.*

Filed March 20, 2003.

Louis P. Dell, Los Angeles, CA, for the plaintiff-appellant.

Michelle M. Blum, Jones, Day, Reavis & Pogue, Irvine, CA, for the defendants-appellees.

Lloyd W. Pellman, County Counsel, Lauren M. Black, Deputy County Counsel,

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Los Angeles, CA, for Office of County Counsel.

Before LAY **, HAWKINS, and TALLMAN, Circuit Judges.

## OPINION

TALLMAN, Circuit Judge.

This appeal presents the novel issue in this circuit of when and how a child support enforcement agency may lawfully obtain the consumer credit report of an individual who has fallen behind in paying court-ordered child support. Plaintiff-appellant Saleh Hasbun, a father owing his ex-wife more than $62,000 in child support, argues that the County of Los Angeles obtained his consumer credit report in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* We affirm the district court's grant of summary judgment in favor of defendants and hold that child support enforcement agencies need not comply with the certification requirements of 15 U.S.C. § 1681b(a)(4) when seeking to collect court-ordered child support.

## I

After Hasbun and his wife divorced in 1985, the Los Angeles County Superior Court ordered Hasbun to pay his ex-wife support for their then 10–year–old son. Hasbun made few—if any—child support payments from 1985 to 1997. In 1997, the Los Angeles County Superior Court or-

dered and adjudged that Hasbun was in arrears to his ex-wife in the amount of $62,179.82.

Seeking to enforce the 1997 judgment, in May 2001 the Los Angeles County District Attorney's division known as the Bureau of Family Support Operations (BFSO) requested a copy of Hasbun's consumer credit report from Experian, a credit reporting agency. After receiving notice that the BFSO had accessed his consumer report, Hasbun brought the present action.

According to Hasbun, the BFSO impermissibly obtained his consumer credit report in violation of the Fair Credit Reporting Act. In particular, Hasbun argues that the BFSO failed to comply with the requirements of 15 U.S.C. § 1681b(a)(4). The County of Los Angeles and Experian ("defendants") agree that the certification requirements of § 1681b(a)(4) were not satisfied. But this is of no consequence, defendants maintain, because § 1681b(a)(4) is inapplicable to a child support agency seeking to collect a court-ordered child support debt.

The district court held that § 1681b(a)(4) did not apply to the present case and granted summary judgment in favor of defendants. We agree and affirm.

## II

In general, 15 U.S.C. § 1681b enumerates the "permissible purposes" for which a credit reporting agency, such as Experian, may furnish a consumer credit report. Resolution of this case ultimately hinges on which subsection of 1681b applies to defendants: § 1681b(a)(4) or § 1681b(a)(3)(A).[1] We hold that

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. In relevant part, § 1681b(a) provides:

**Permissible purposes of consumer reports**

**(a)** In general.—Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

§ 1681b(a)(3)(A)—and not § 1681b(a)(4)—applies to child support enforcement agencies attempting to collect a court-ordered judgment of child support.

### A

■ Under § 1681b(a)(3)(A), Experian was permitted to release Hasbun's consumer credit report to the BFSO if the BFSO requested the report "in connection with ... [the] collection of an account" of Hasbun. 15 U.S.C. § 1681b(a)(3)(A). "Collection of an account" is nowhere defined in the statute, and the legislative history is not enlightening. But the limited case law addressing this issue has uniformly held that creditors have a permissible purpose in receiving a consumer report to assist them in collecting a debt. In other words, collection of a debt is considered to be the "collection of an account." *See Duncan v. Handmaker,* 149 F.3d 424, 428 (6th Cir.1998); *Edge v. Professional Claims Bureau, Inc.,* 64 F.Supp.2d 115, 118 (E.D.N.Y.1999); *Korotki v. Attorney Serv. Corp., Inc.,* 931 F.Supp. 1269, 1277 (D.Md.1996).

Like other creditors, judgment creditors may utilize § 1681b(a)(3)(A) to access consumer reports. We think the Federal Trade Commission's (FTC) commentary is persuasive:

> A judgment creditor has a permissible purpose to receive a consumer report on the judgment debtor for use in connection with collection of the judgment debt, because it is in the same position as any creditor attempting to collect a debt from a consumer who is the subject of a consumer report.

16 C.F.R. Pt. 600, App. at 509 (2002).

Government officials seeking to enforce a judgment of child support also have a permissible purpose to access the consumer credit report of the judgment debtor. Again, the FTC's commentary is helpful:

> A district attorney's office or other child support agency may obtain a consumer report *in connection with enforcement of the report subject's child support obligation,* established by court (or quasijudicial administrative) orders, since the agency is acting as or on behalf of the judgment creditor, and is, in effect, collecting a debt.

16 C.F.R. Pt. 600, App. at 509 (2002) (emphasis added).[2]

---

**(3)** To a person which it has reason to believe—
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account* of, the consumer;
**(4)** In response to a request by the head of a State or local child support enforcement agency (or a State or local government official authorized by the head of such an agency), if the person making the request certifies to the consumer reporting agency that—
(A) the consumer report is needed for the purpose of *establishing* an individual's capacity to make child support payments or *determining* the appropriate level of such payments;

**(B)** the paternity of the consumer for the child to which the obligation relates has been established or acknowledged by the consumer in accordance with State laws under which the obligation arises (if required by those laws);
**(C)** the person has provided at least 10 days' prior notice to the consumer whose report is requested, by certified or registered mail to the last known address of the consumer, that the report will be requested; and
**(D)** the consumer report will be kept confidential, will be used solely for a purpose described in subparagraph (A), and will not be used in connection with any other civil, administrative, or criminal proceeding, or for any other purpose.
15 U.S.C. § 1681b(a) (emphasis added).

■ At least one court has expressly adopted the FTC's position and held that collection of a child support judgment "constitutes a 'collection of an account' under 1681b(3)(A)."[3] *Baker v. Bronx–Westchester Investigations, Inc.*, 850 F.Supp. 260, 262–63 (S.D.N.Y.1994). We likewise adopt the position of the FTC. A child support enforcement agency, when seeking to enforce a final order of child support, has a permissible purpose to request a consumer credit report because collecting court ordered child support is the "collection of an account" under 15 U.S.C. § 1681b(a)(3)(A). Consequently, the BFSO had a permissible purpose under subsection (a)(3)(A) to request Hasbun's consumer credit report. Defendants did not violate the Fair Credit Reporting Act.

### B

The 1996 amendment to 15 U.S.C. § 1681b, which added subsection (a)(4), does not alter our holding.[4] Hasbun argues that under the plain language of subsection (a)(4), a child support enforcement agency must, in all circumstances, jump through the certification hoops of subsection (a)(4)(A)-(D). *See supra* note 1. We think Hasbun reads subsection (a)(4) too broadly.

By its terms, subsection (a)(4) only applies to child support enforcement agencies having "the purpose of *establishing* an individual's capacity to make child support payments or *determining* the appropriate level of such payment." 15 U.S.C. § 1681b(a)(4)(A) (emphasis added). On its face, the subsection does not apply to credit report requests for the purpose of *collecting* unpaid child support.[5]

The practical effect of the 1996 amendment adding subsection (a)(4) was to *expand* the permissible purposes for which a child support enforcement agency could obtain a consumer report. Similar to assessing a litigation adversary's ability to satisfy a judgment before one was obtained, determining a person's capacity to make child support payments was probably not a permissible purpose for obtaining a consumer credit report prior to the 1996 amendment. *See Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir.1991) (acquiring a credit report for the purpose of learning

---

2. The gloss given to § 1681b(a)(3)(A) by the FTC would clearly control the present appeal if it was binding on this Court or if this Court was required to give the FTC interpretation *Chevron* deference. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). But FTC commentary does not have the force and effect of law. *See* 16 C.F.R. § 600.2. Nonetheless, we think it correctly states the law and so hold.

3. Section 1681b(3)(A) was later amended as § 1681b(a)(3)(A).

4. The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 amended § 1681b(a) by adding subsections (a)(4) and (a)(5).

5. Hasbun cites to subsection (a)(4)(D) in an attempt to evade the distinction between es-

*tablishing* an ability to pay (subsection (a)(4)(A)) and *enforcing* an existing payment order (subsection (a)(3)(A)). According to Hasbun, a child support enforcement agency must *always* comply with subsection (a)(4) because subsection (a)(4)(D) states that a local child support agency must certify that a consumer report "will not be used in connection with any other civil, administrative, or criminal proceeding, *or for any other purpose.*" (emphasis added). Hasbun misreads the statutory provision. When read as a whole, subsection (a)(4)(D) provides that when a report is needed for *establishing* or *determining* child support as "described in subparagraph (A)," the child support enforcement agency must certify that the report will be used for *that* purpose and not "for any other purpose."

whether the potential defendant could satisfy a judgment was not a permissible purpose under the statute); *see also Duncan*, 149 F.3d at 427 ("While a lawsuit occasionally may give rise to a 'legitimate business need' for a consumer report . . . trial preparation generally does not fall within the scope of § 1681b."). Thus, subsection (a)(4) broadens, not limits, the power of child support enforcement agencies to obtain consumer credit reports.[6]

## III

■ Under the Fair Credit Reporting Act, a child support enforcement agency may obtain the consumer credit report of a person owing or potentially owing child support. When requesting a consumer credit report to *establish* an individual's capacity to pay support or to *determine* the appropriate amount · of payment, the child support enforcement agency must comply with the certification requirements of 15 U.S.C. § 1681b(a)(4). But when, as in this case, the agency seeks to *enforce* an already existing order of child support, the certification requirements of § 1681b(a)(4) are inapplicable.

Here, the BFSO properly obtained Hasbun's consumer credit report to enforce an existing order of child support. In so doing, the BFSO was engaged in the "collection of an account" under 15 U.S.C. § 1681b(a)(3)(A) and therefore had a per-

missible purpose for obtaining it. The law requires no more.

**AFFIRMED.**[7]

---

6. The FTC shares this view. According to a Staff Opinion Letter, the "additional provisions [of subsection (a)(4) ]—permitting child support authorities to obtain consumer reports in connection with the *assessment* of child support obligations—in no way detract from the existing right of such authorities under [§ 1681b(a)(3)(A) ] to obtain reports to assist in *enforcement* of final orders." Letter to Llewellyn Woolford, August 6, 1999 (emphasis in original).

7. Our holding does not require us to decide whether Experian would have been liable if the BFSO did not have a permissible purpose in obtaining the report. Nor do we address whether the defendants might be liable under the California Consumer Credit Reporting Agencies Act because Hasbun abandoned that claim on appeal.