Chief Judge KOZINSKI,
with whom Judges O’SCANNLAIN, KLEINFELD, GOULD, TALLMAN, CALLAHAN and BEA join, dissenting from the denial of rehearing en banc:
Judge Bea’s dissent persuasively explains why the majority opinion conflicts *671 with Ninth Circuit precedent, and I would join it if I could. Pintos v. Pac. Creditors Ass’n, 565 F.3d 1106, 1117-18 (9th Cir. 2009) (Bea, J., dissenting). I write separately to point out another problem with the opinion: Its interpretation of the Fair Credit Reporting Act (FCRA) is foreclosed by the plain language of the statute.
The issue is whether Pacific Creditors Association (PCA) had a permissible purpose for seeking Maria Pintos’s credit report. Id. at 1110 (maj.op.). PCA argued it had one under 15 U.S.C. § 1681b(a)(3)(A), which allows a consumer reporting agency to give a report to a person it has reason to believe “intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.” The majority disagreed, holding that a person isn’t “involved” in a credit transaction unless he “initiates” the transaction. Pintos, 565 F.3d at 1112-13. Because Pintos didn’t ask to have her car towed, she didn’t initiate her debt and there was no permissible purpose. Id. at 1113.
The majority’s interpretation can’t be squared with 15 U.S.C. § 1681b(c). This section provides that “[a] consumer reporting agency may furnish a consumer report relating to any consumer pursuant to sub-paragraph (A) ... of subsection (a)(3) [section 1681b(a)(3)(A) ] of this section in connection with any credit ... transaction that is not initiated by the consumer only if’ certain conditions are met. (Emphasis added.) Section 1681b(c) restricts the permissible purpose established in section 1681b(a)(3)(A) when transactions aren’t consumer-initiated. And by limiting access to reports under section 1681b(a)(3)(A) in situations where the consumer didn’t initiate the transaction, section 1681b(c) clues us in on the fact that section 1681b(a)(3)(A) doesn’t itself require that consumers initiate anything.
Moreover, debt collectors like PCA don’t even need to meet section 1681b(c)’s special conditions. Title 15 U.S.C. § 1681a(m) defines “credit ... transaction that is not initiated by the consumer,” and it specifically excludes “the use of a consumer report by a person with which the consumer has an account ... for purposes of ... collecting the account” from the definition of non-consumer-initiated transactions. 15 U.S.C. § 1681a(m). And “collection of a debt is considered to be the ‘collection of an account.’ ” Hasbun v. County of Los Angeles, 323 F.3d 801, 803 (9th Cir.2003). Because PCA was collecting Pintos’s debt, the transaction here isn’t one “not initiated by the consumer” that has to meet section 1681b(c)’s conditions. Indeed, independent of the conflict with section 1681b(a)(3)(A), the majority’s decision can’t be reconciled with section 1681a(m): The majority holds that there was no permissible purpose because Pintos didn’t initiate the transaction, but under section 1681a(m), Pintos did initiate the transaction by owing the debt.
Putting sections 1681b(a)(3)(A), 1681b(c) and 1681a(m) together, then, it’s clear that: (1) Consumers can be “involved” in credit transactions under section 1681b(a)(3)(A) that they didn’t initiate; (2) section 1681b(c) provides certain restrictions on access to reports under section 1681b(a)(3)(A) when the consumer didn’t initiate the transaction; and (3) those limitations don’t apply here because section 1681a(m) says that Pintos initiated the transaction.
The majority must have read these provisions, yet still disagrees. Its mistake is plain. If subparagraph A of a statute said “all fruit shall be inspected before it can be put into a dessert,” and subparagraph B *672 said “in the case of tomatoes inspected under subparagraph A, authorities shall perform extra special inspections,” we’d know that subparagraph A covers tomatoes. Section 1681b(c) provides special limits on access to credit reports sought under section 1681b(a)(3)(A) when transactions aren’t initiated by consumers. We therefore know that section 1681b(a)(3)(A) covers transactions not initiated by consumers. And if a statute expressly excluded golf from its definition of “fun sports,” we couldn’t hold that golf is a fun sport. Section 1681a(m) expressly excludes debt-collection transactions from its definition of non-consumer-initiated transactions. We therefore can’t say that a debt-collection transaction was non-consumer-initiated. In holding otherwise, the majority flunks Statutory Interpretation 101.