BEA, Circuit Judge,
dissenting:
The majority concludes that because this case involves neither a transaction for which Pintos sought a loan nor the collection of a judgment debt, 15 U.S.C. § 1681b(a)(3)(A) did not authorize the Pacific Creditors Association (“PCA”) to obtain Maria Pintos’s credit report or Experian Information Solutions, Inc. (“Experian”) to release it. Because I disagree with the majority’s conclusion that Pintos’s decision to leave her unregistered car on a public street where she knew it might be towed did not “involve” her in a credit 'transaction, I respectfully dissent.
Title 15, Section 1681b(a)(3)(A) of the United States Code permits a credit reporting agency to furnish a consumer’s credit report to a person it has reason to believe “intends to use the information in connection with a credit transaction involving the consumer ... and involving the extension of credit to, or review or collection of an account of, the consumer.” Relying on Andrews v. TRW, Inc., 225 F.3d 1063, 1067 (9th Cir.2000), the majority concludes that because Pintos did not ask for her car to be towed, ante at 7286, she was not “involved” in the transaction.
This case bears little resemblance to Andrews. In Andrews, the plaintiff was a victim of identity theft — she was passive and guiltless, not even negligent. Pintos, by contrast, was no innocent bystander in the chain of events that resulted in her debt to P & S Towing (“P & S”). Pintos chose — for two consecutive years — not to pay the automobile registration fees required by California law. Pintos chose instead to break the law by driving her car on expired tags. See Cal. Veh.Code § 4000(a)(1) (“No person shall drive, move, or leave standing upon a highway ... any motor vehicle ... unless it is registered and the appropriate fees have been paid .... ”); see also id. § 42001.8 (making it an infraction to violate § 4000). Pintos chose to leave her car on a public street, subjecting it to towing. See id. § 22651(o)(l)(A) (permitting law enforcement to tow a car whose registration is six months overdue). And Pintos chose not to pay the fees assessed by P & S or retrieve her car in a timely manner, resulting in the lien sale and deficiency claim. See Cal. Civil Code §§ 3068.1, 3068.2 (providing that a towing company has a lien dependent upon possession and a deficiency claim for unpaid towing charges). With all respect both to Pintos and the majority, refusing to pay required vehicle registration fees and parking one’s car on a public street is asking to have one’s car towed.
The majority rightly observes that the fact Pintos’s actions resulted in P & S’s claim is, alone, insufficient to justify P & S requesting her credit report. In Mone v. Dranow, 945 F.2d 306 (9th Cir.1991), Dranow, Mone’s former employer, concluded Mone was engaged in unfair competition by running a rival business, and obtained Mone’s credit report in order to determine whether suing Mone might be worthwhile. We held that Dranow did not intend to use the credit report “in connection with a credit transaction involving” Mone. Id. at 308 (quoting 15 U.S.C. § 1681b(3)(A) (1982)).
But P & S’s relationship to Pintos is more than that of mere prospective litigation adversary; P & S is a creditor entitled *681 to access Pintos’s credit report in order to collect the debt. See Hasbun v. County of Los Angeles, 323 F.3d 801, 803 (9th Cir. 2003) (“[T]he limited case law addressing this issue has uniformly held that creditors have a permissible purpose in receiving a consumer report to assist them in collecting a debt.”).
The moment P & S towed Pintos’s car, P & S became Pintos’s creditor; Pintos owed P & S a definite, legally recognized debt for the services P & S rendered — loaned— to Pintos until Pintos paid for those services. Under the California Civil Code, when P & S towed Pintos’s car at the direction of the San Bruno Police Department, P & S obtained “a lien dependent upon possession for the compensation to which[P & S] is legally entitled for towing, storage, or labor associated with the recovery or load salvage” of Pintos’s vehicle. See Cal. Civil. Code § 3068.1. This code section entitled P & S to sell Pintos’s car to recover its fees without seeking judicial approval or intervention; the code certainly does not require P & S to obtain a judgment. And any tow-truck operator who has such a lien “has a deficiency claim against the registered owner of the vehicle.” Id. § 3068.2 (emphasis added). A deficiency claim is a debt. That Pintos’s debt was created by operation of law rather than contract is of no moment.
The majority concludes Hasbun is inapplicable because that case involved a judgment debt. See 323 F.3d at 803-04. But Hasbun is not so limited.[1] Hasbun concerned child support payments and the only way a person becomes obligated to make such payments is through a judicial decree. It does not follow that judicial adjudication is the only way an individual may become obligated as a debtor. The cited California Civil Code sections automatically make the owner of a towed vehicle liable for towing charges and automatically create a lien and a deficiency claim in favor of the towing company. The towing company has no need to reduce its lien to a court judgment to establish Pintos’s obligation to pay. There is a creditor-debtor relationship established by the operation of the lien law regardless whether an action to collect the deficiency is commenced. P & S Towing is thus much more like the judgment creditor in Hasbun than the prospective litigation claimant in Mone.
For these reasons, I would affirm the decision of the district court. I concur, however, in part C of the majority opinion.

. Indeed, Hasbun concluded that judgment creditors have a permissible purpose in obtaining a credit report because such a creditor " ‘is in the same position as any creditor attempting to collect a debt from a consumer.' " Id. at 803 (emphasis added) (quoting 16 C.F.R. § 600, App. at 509 (2002)). The principle that a creditor may access a debtor’s credit report in order to collect upon a delinquent account is recognized by both the Federal Trade Commission, 16 C.F.R. Pt. 600, App. at 59, and by the Sixth Circuit, see Duncan v. Handmaker, 149 F.3d 424, 427-28 (6th Cir. 1998).